☐ FILED    ___ ENTERED
___ LOGGED ___ RECEIVED

4:29 pm, Mar 24 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____DG_____Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIMINAL NO.**  1:25-mj-00746-BPG |
| **HUGO GUZMAN-CASTILLO** | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

### INTRODUCTION AND BACKGROUND

I, Paul Duggan, being duly sworn, deposes and states the following:

1. I am currently employed as a Special Agent (SA) with the United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so since July 2023. I am presently assigned to the Office of the Special Agent in Charge, Baltimore, Maryland.

2. I have been employed as a Special Agent with HSI since July 2023. I have completed the Criminal Investigator Training Program and HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. I completed training related to the investigation of violations of immigration law, narcotics trafficking, money laundering, financial fraud, trafficking of counterfeit goods, and other federal violations

3. Prior to my employment with HSI I attended the United States Border Patrol Academy in Artesia, New Mexico where I completed training related to immigration law, human smuggling and narcotics smuggling. Following the completion of this training I was a Border Patrol Agent in Nogales Arizona for four years. As a Border Patrol Agent my responsibilities

1

included working with Federal, State, and Local law enforcement to detect and disrupt criminal organizations attempts of human and narcotics smuggling and enforcing the Immigration and Nationality Act. I have been involved in investigations of individuals who have illegally entered the United States, and who have participated in the illicit importation and distribution of illegal controlled substances.

4. As an HSI Special Agent, I am authorized by law to interrogate, arrest, search, and seize unlawfully present aliens pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens and other violations of the Immigration and Nationality Act (INA).

5. The facts in this affidavit are based upon my participation in the investigation, my personal observations, my training and experience, my examination of reports and records, and information obtained from other law enforcement officers. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. In making this Affidavit, I am relying only on the facts stated herein.

6. Because this affidavit is being submitted for the limited purpose of establishing that there is sufficient probable cause for the requested criminal complaint and arrest warrant, it does not set forth every fact I've learned or every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

7. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal

history record; and from reports of other law enforcement officers involved in the investigation.

8. This Affidavit is submitted in support of a criminal complaint and arrest warrant for Hugo GUZMAN-Castillo (GUZMAN-Castillo), charging him with Reentry of a Removed Alien Subsequent to Felony Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).

**PROBABLE CAUSE**

9. The defendant is a citizen and national of Mexico and is not a native, citizen, or national of the United States.

10. At an unknown date and time before February 24, 2025, the defendant entered the United States at an unknown location without inspection by an immigration officer. The defendant's immigration history is set forth below.

11. On May 24, 2007, the United States Border Patrol (USBP) encountered GUZMAN-Castillo near Hidalgo, Texas. The USBP determined that GUZMAN-Castillo entered the United States without inspection, admission, or parole by an immigration officer. The USBP determined GUZMAN-Castillo was inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the INA and was processed for Expedited Removal under the provision of Section 235(b)(1) of the INA. On May 25, 2007, GUZMAN-Castillo was removed to Mexico through the Laredo (TX) Port of Entry.

12. On or about April 4, 2008, GUZMAN-Castillo crossed the Rio Grande River illegally northwest of Laredo (TX) Colombia Bridge. On April 4, 2008, the USBP apprehended GUZMAN-Castillo as one of fifteen apprehended near Laredo. The USBP determined that GUZMAN-Castillo entered the United States without inspection, admission, or parole by an immigration officer. The USBP determined GUZMAN-Castillo was inadmissible and processed GUZMAN-Castillo for reinstatement of the removal order against him pursuant to Section

241(a)(5) of the INA (Reinstatement of removal orders against aliens illegally reentering).

13. On September 3, 2008, GUZMAN-Castillo was convicted in the Southern District of Texas of violating 8 U.S.C. § 1326 and was sentenced to a time served sentence of five months. On September 5, 2008, Immigration and Customs Enforcement/Enforcement and Removal Operations (ICE/ERO) Laredo removed GUZMAN-Castillo from the United States.

14. On or about April 22, 2010, GUZMAN-Castillo illegally entered the United States by wading across the Rio Grande River near Laredo, Texas. On April 23, 2010, USBP encountered GUZMAN-Castillo near Laredo, Texas. The USBP determined that GUZMAN-Castillo entered the United States without inspection, admission, or parole by an immigration officer. The USBP determined GUZMAN-Castillo was inadmissible and processed GUZMAN-Castillo for reinstatement of the removal order against him pursuant to Section 241(a)(5) of the INA.

15. On December 9, 2010, GUZMAN-Castillo was convicted in the Southern District of Texas of violating 8 U.S.C. § 1326 and was sentenced to a time served sentence of eight months. On December 23, 2010, ICE/ERO Laredo removed GUZMAN-Castillo from the United States.

16. On August 27, 2013, HSI Dallas encountered GUZMAN-Castillo in Dallas, Texas. HSI agents interviewed GUZMAN-Castillo who indicated he was a citizen and national of Mexico and further indicated that he had entered the United States at or near Laredo, Texas in March of 2012, without inspection. HSI processed GUZMAN-Castillo for reinstatement of the removal order against him pursuant to Section 241(a)(5) of the INA. On August 29, 2013, ICE/ERO Laredo removed GUZMAN-Castillo from the United States.

17. On December 25, 2013, the USBP encountered GUZMAN-Castillo near Laredo, Texas. The USBP processed GUZMAN-Castillo for reinstatement of the removal order against

him pursuant to Section 241(a)(5) of the INA. On June 23, 2014, GUZMAN-Castillo was convicted of violating 8 U.S.C. § 1326 and was sentenced to 15 months imprisonment. On August 26, 2015, ICE/ERO Del Rio (TX) removed GUZMAN-Castillo from the United States.

18. On July 1, 2024, the USBP encountered GUZMAN-Castillo near Laredo, Texas. The USBP determined that GUZMAN-Castillo had unlawfully entered the United States from Mexico by swimming across the Rio Grande River at an unknown date and time. The USBP determined that GUZMAN-Castillo entered the United States without inspection, admission, or parole by an immigration officer. The USBP determined GUZMAN-Castillo was inadmissible and processed GUZMAN-Castillo for reinstatement of the removal order against him pursuant to Section 241(a)(5) of the INA.

19. On February 24, 2025, HSI Baltimore conducted field operations at 3801 Eastern Avenue, Baltimore, Maryland, GUZMAN-Castillo's known place of employment. At approximately 10:45 am, HSI Agents conducted a consensual encounter with GUZMAN-Castillo, confirmed his identity, and placed GUZMAN-Castillo under arrest. HSI Baltimore transported GUZMAN-Castillo to ICE/ERO Baltimore for interviewing and processing.

20. During post arrest processing, GUZMAN-Castillo was fingerprinted via the Department of Homeland Security (DHS) standard fingerprinting process. This process automatically compares the prints taken from GUZMAN-Castillo to other previously captured fingerprints. The fingerprints came back as a match to Hugo GUZMAN-Castillo, Alien Number 088366134, FBI Number 652095DC3, with a date of birth of March 3, 1974. Booking photos taken at the time of previous fingerprinting also confirmed that the individual taken into custody was the same as the Hugo GUZMAN-Castillo with the above-stated immigration history.

21. There is no record that, following the prior deportation, GUZMAN-Castillo ever obtained permission to reenter the United States from the Secretary of Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

22. Based on the foregoing, I submit that probable cause exists that GUZMAN-Castillo previously had been removed from the United States, and knowingly re-entered and was found in the United States without having obtained the express consent of the Attorney General of the United States or his successor the Secretary of Homeland Security to reapply for admission into the United States as required by law. Accordingly, there is probable cause for the issuance of a criminal complaint and warrant for the arrest of GUZMAN-Castillo for Reentry of a Removed Alien Subsequent to Felony Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

PAUL R DUGGAN
Digitally signed by PAUL R DUGGAN
Date: 2025.03.21 13:29:07 -04'00'

Special Agent Paul Duggan
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March  24 , 2025.

Honorable Beth P. Gesner
United States Magistrate Judge
District of Maryland